STATE OF MAINE

CUMBERLAND, ss.



2007 AUG 23 P 2: 56

SUPERIOR COURT
CRIMINAL ACTION
Docket No. CR-07-78
WSB- cum-9/23/2007

STATE OF MAINE,

v.

CHARLES FULCHER,

Defendant.

DECISION

## FINDINGS

1.     On January 5, 2007, at 10:40 p.m., Officer Phillip Jones was traveling west on Route 302 in Bridgeton.

2.     Officer Jones observed a car driven by defendant Charles Fulcher improperly negotiate a 90-degree turn heading east towards Bridgeton at the monument.   Mr. Fulcher's car took the turn too far to the right and then overcompensated, almost striking a parked car.

3.     Officer Jones turned his cruiser around and observed Mr. Fulcher drive 20 yards without difficulty and then pull into a Mobil station.  Officer Jones parked his cruiser across from the Mobil station and observed Mr. Fulcher walk into the station and walk out without difficulty and then exit the station in his car, traveling west on Route 302.

4.     Officer Jones followed Mr. Fulcher and observed him negotiate the 90-degree turn again, this time properly.

5.     After negotiating the 90-degree turn, Mr. Fulcher pulled off of Route 302 into the breakdown lane, stopped and turned off his car, for no apparent reason.

6.     Officer Jones turned on his blues, and approached Mr. Fulcher and spoke with him. He smelled a strong odor of intoxicants coming from Mr. Fulcher's mouth. Mr. Fulcher admitted to one beer.

7.     Officer Jones asked Mr. Fulcher to perform field sobriety tests. Mr. Fulcher agreed.

8.     Although Mr. Fulcher performed the physical side of the finger dexterity test appropriately, he failed to count the numbers as ordered.

9.     Mr. Fulcher flunked the alphabet test badly, skipping four letters.

10.     Mr. Fulcher estimated 30 seconds to be 45 seconds.

11.     Mr. Fulcher counted backwards from 69 to 50 when he had been requested to count backwards from 69 to 54. Mr. Fulcher's speech was slurred as he counted.

12.     Officer Jones did not ask Mr. Fulcher to perform any walking or standing tests because Mr. Fulcher had complained of an inner ear problem that affected his balance.

13.     Officer Jones arrested Mr. Fulcher for OUI.


DISCUSSION

Mr. Fulcher presses two issues: 1) articulable suspicion to stop and 2) probable cause to arrest.

The officer observed Mr. Fulcher swing too far to the right on a curve and then compound the problem by overcompensating and coming close to striking a car in his attempt to recover. The officer then observed Mr. Fulcher pull off into the breakdown lane while being followed by a cruiser and stop his car for no apparent reason on a busy

highway (Route 302) at 11 p.m. Those three facts taken together are not probable cause but they are articulable suspicion of OUI.

There is ample evidence for probable cause. Mr. Fulcher smelled of alcohol; he didn't follow instructions completely on the finger dexterity test; he did poorly on the alphabet test; he estimated time incorrectly; he didn't follow instructions on the count-back and his speech was slurred. These physical observations combined with the erratic driving constitute probable cause.

The clerk will make the following entry by reference:

Defendant's motion to suppress is denied in all respects.

DATED:     August 23, 2007

_W/ Brodrick_
William S. Brodrick
Active-Retired Justice, Superior Court